**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                    Case No. 14-45319-nhl

ROMANO DEVELOPMENT, LLC,                           Chapter 7

                                                                     Debtor.
-----------------------------------------------------------x

### DECLARATION OF HAIM PINHAS PURSUANT TO
### RULE 1007-4 OF THE LOCAL BANKRUPTCY
### RULES FOR THE EASTERN DISTRICT OF NEW YORK

        Haim Pinhas declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

        1.        I am the Managing Member of Romano Development, LLC, a limited liability company formed under and pursuant to the laws of the state of New York, the involuntary debtor in the above-captioned involuntary chapter 7 case (the "**Debtor**").  In this capacity, I am generally familiar with the Debtor's day-to-day operations, business, and financial affairs.

        2.        The Debtor is converting the case to a voluntary chapter 11 case.  I submit this declaration ("**Declaration**") pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**") to assist this Court and other parties in interest in understanding the circumstances giving rise to the commencement of this chapter 11 case.

        3.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge and/or information provided to me concerning the Debtor's operations and financial affairs.  If called upon to testify, I would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on the Debtor's behalf.

4. The Debtor, a limited liability company formed under the laws of the state of New York, was founded by myself and Salomao Laniado, the other member of the Debtor, in November 2003. The Debtor maintains its offices at 2112 Coney Island Avenue, Brooklyn, NY 11223.

5. The Debtor is the owner of a two-family residential building located at 2298 East 4th Street, Brooklyn, NY 11223 (the "**Building**"). The Debtor has two tenants in the Building: (1) Eyal Pinhas, who rents the first floor of the Building; and (2) Oren Bokai, who rents the second floor of the Building.

6. The Building has a fair market value of approximately $650,000. There are two mortgages on the Building. Maspeth Federal Savings and Loan Association ("**Maspeth**") holds a first mortgage in the amount of $456,000. Robert Doran and Mary Ann Florio (collectively, "**Doran**") hold a second mortgage in the amount of $365,503 plus interest.

7. On May 2, 2014, Judge Silber of the New York Supreme Court, Kings County, entered a judgment of foreclosure against the Debtor and in favor of Maspeth and Doran in the case *Maspeth Federal Savings and Loan Association v. Romano Development, LLC*, Index No. 22248-2008. The foreclosure sale was scheduled for October 23, 2014.

8. On October 23, 2014, prior to the foreclosure sale, David Thaus, an unsecured creditor to whom the Debtor owes $18,000, filed an involuntary chapter 7 case in this Court against the Debtor.

9. The Debtor, at a hearing before this Court on February 24, 2015, acknowledged service of the summons and involuntary petition and consented to the entry of an order for relief in the chapter 7 case.

10. At the hearing held on February 24, 2015, the Court directed the Debtor to convert the case and file various documents, including, without limitation, this Declaration, by March 3, 2015.

11. The Debtor is choosing to convert the chapter 7 case to a chapter 11 proceeding so it can sell the Building under the supervision of this Court.

## Information Required by Local Rule 1007-4

12. Local Rule 1007-4 requires the Debtor to disclose certain information. This information is outlined below and set forth in the exhibits attached hereto.

13. Pursuant to Local Rule 1007-4(a)(i), the Debtor is required to set forth whether it is a small business debtor within the meaning of Bankruptcy Code § 101(51D). The Debtor is not a small business debtor within the meaning of section 101(51D).

14. Pursuant to Local Rule 1007-4(a)(iii), in a case originally commenced under chapter 7, the Debtor is required to set forth the names and addresses of any trustee appointed in the case and the members of any creditors committee elected under Bankruptcy Code § 705. No trustee or creditors' committee was appointed in the chapter 7 case.

15. Pursuant to Local Rule 1007-4(a)(v), the Debtor is required to set forth, with respect to each of the holders of the 20 largest general unsecured claims, excluding insiders: name, address, name(s) of person(s) familiar with the debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured. Such information is set forth in Exhibit "A" attached hereto.

16. Pursuant to Local Rule 1007-4(a)(vi), the Debtor is required to set forth the following information with respect to each of the holders of its (5) largest secured claims: the name, the address, amount of claim, a description and an estimate of the value of the

3

collateral securing the claim, and whether the claim or lien is disputed. The Debtor has three secured creditors, and their information is as follows:

| Creditor's Name, and Mailing Address | Amount of Claim | Description & Estimate of Value of Collateral | Whether Disputed |
|---|---|---|---|
| **Maspeth Federal Savings & Loan Association** <br> c/o Mark L. Cortegiano, Esq. <br> 65-12 69th Place <br> Middle Village, NY 11379 <br> Attn.: Peter D. Rosenberg, Esq. <br> (718) 894-9500 | $456,000.00 | Building at 2298 East 4th Street, Brooklyn, NY 11223 <br> Value: $650,000.00 | No |
| **Robert Doran & Mary Ann Florio** <br> c/o Rosenberg, Musso & Weiner, LLP <br> 26 Court Street, Ste 2211 <br> Brooklyn, NY 11242 <br> Attn.: Robert J. Musso, Esq. <br> (718) 855-6840 | $365,503.00 plus interest | Building at 2298 East 4th Street, Brooklyn, NY 11223 <br> Value: $200,000 | Amount of interest owed disputed |
| **New York City Water Board Department of Environmental Protection** <br> 59-17 Junction Blvd., 8th Fl. <br> Elmhurst, NY 11373 | $2,719.35 | Building at 2298 East 4th Street, Brooklyn, NY 11223 <br> Value: $0 | No |

17. Pursuant to Local Rule 1007-4(a)(vii), the Debtor is required to set forth a summary of its assets of liabilities. A summary is set forth in the schedules of assets and liabilities which is being filed contemporaneously herewith.

18. Pursuant to Local Rule 1007-4(a)(viii), the Debtor is required to set forth the number and classes of shares of stock, debentures, or other securities of the Debtor that are publicly held, and the number of record holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held. None of the Debtor's securities are publicly held. I hold a 50% membership interest in the Debtor; Salomao Laniado, the other member of the Debtor, holds the other 50% membership interest in the Debtor.

19. Pursuant to Local Rule 1007-4(a)(ix), the Debtor is required to set forth all of the Debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity. None of the Debtor's property is so held.

20. Pursuant to Local Rule 1007-4(a)(x), the Debtor is required to set forth a list of the premises owned, leased, or held under any other arrangement from which the debtor operates its business. The Debtor owns the Building located at 2298 East 4th Street, Brooklyn, NY 11223. The Debtor's principal place of business is located at 2112 Coney Island Avenue, Brooklyn, NY 11223, which consists of office space that I own and allow the Debtor to use. There is no written lease.

21. Pursuant to Local Rule 1007-4(a)(xi), the Debtor is required to set forth the location of the Debtor's significant assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States. The Debtor's significant assets are located at 2298 East 4th Street, Brooklyn, NY 11223. The Debtor's books and records are located at 2112 Coney Island Avenue, Brooklyn, NY 11223. The Debtor does not have any assets located outside the territorial limits of the United States.

22. Pursuant to Local Rule 1007-4(a)(xii), the Debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. A judgment of foreclosure was entered against the Debtor on May 2, 2014 in *Maspeth Federal Savings and Loan Association v. Romano Development, LLC*, Index No. 22248-2008 (N.Y. Sup. Ct. Kings Cnty.).

23. Pursuant to Local Rule 1007-4(a)(xiii), the Debtor is required to disclose the names of the individuals who comprise its existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience. I am the Managing Member of the Debtor, and have been in this position since the founding of the Debtor in November 2003. I am responsible for dealing with the tenants located at the Building, collecting rent, and performing other duties as needed in my role as landlord. Salomao Laniado is the other member of the Debtor, and has also been a member of the Debtor since its founding in November 2003. His duties are identical to mine.

24. Pursuant to Local Rule 1007-4(a)(xiv), the Debtor is required to set forth the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition. The Debtor will not be making any payments to employees during the 30-day period following the filing of this chapter 11 petition.

25. Pursuant to Local Rule 1007-4(a)(xv), the Debtor is required to disclose the amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to officers, directors, members, and any retained financial or business consultant. The Debtor will not be making any payments to any of the above-referenced individuals during the 30-day period following the filing of this chapter 11 petition.

26. Pursuant to Local Rule 1007-4(a)(xvi), the Debtor is required to provide a schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an

understanding of the foregoing.  A schedule setting forth such information is attached hereto as Exhibit "B."

27.     Pursuant to Local Rule 1007-4(a)(xvii), the Debtor also is required to disclose any such additional information as may be necessary to fully inform the Court of the Debtor's rehabilitation prospects.  At this time, the Debtor intends to market and sell the Building, free and clear of any and all liens, claims, and encumbrances, which will attach to the proceeds.  The Debtor anticipates that such proceeds will be sufficient to underwrite a plan of liquidation..

Dated:  Brooklyn, New York
       March 3, 2015

/s/ Haim Pinhas<br>Haim Pinhas

# EXHIBIT A

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of New York

In re **Romano Development, LLC**     Case No. **14-45319**

Debtor(s)     Chapter **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| David Thaus<br>2203 Avenue X<br>Brooklyn, NY 11235 | David Thaus<br>2203 Avenue X<br>Brooklyn, NY 11235 | Loan | | 18,000.00 |
| Eyal Pinhas<br>2298 East 4th Street<br>1st Fl<br>Brooklyn, NY 11223 | Eyal Pinhas<br>2298 East 4th Street<br>1st Fl<br>Brooklyn, NY 11223 | Residential lease security deposit | Contingent | 1,000.00 |
| New York City Water Bd<br>Dept of Envtl Protection<br>59-17 Junction Blvd<br>8th Fl<br>Elmhurst, NY 11373 | New York City Water Bd<br>Dept of Envtl Protection<br>59-17 Junction Blvd<br>Elmhurst, NY 11373 | 2298 East 4th Street, Brooklyn, NY 11223 | | 2,719.35<br>(650,000.00 secured)<br>(821,503.00 senior lien) |
| NYC Department of Finance<br>66 John Street<br>Room 104<br>New York, NY 10038 | NYC Department of Finance<br>66 John Street<br>Room 104<br>New York, NY 10038 | Real Estate Taxes | | 1,190.00 |
| Oren Bokai<br>2298 East 4th Street<br>2nd Fl<br>Brooklyn, NY 11223 | Oren Bokai<br>2298 East 4th Street<br>2nd Fl<br>Brooklyn, NY 11223 | Residential lease security deposit | Contingent | 3,600.00 |
| R. Doran & M. A. Florio<br>c/o Rosenberg Musso & Wei<br>Attn: Robert J. Musso Esq<br>26 Court Street Ste 2211<br>Brooklyn, NY 11242 | R. Doran & M. A. Florio<br>c/o Rosenberg Musso & Wei<br>Attn: Robert J. Musso Esq<br>Brooklyn, NY 11242 | 2298 East 4th Street, Brooklyn, NY 11223 | Disputed | 365,503.00<br>(650,000.00 secured)<br>(456,000.00 senior lien) |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B4 (Official Form 4) (12/07) - Cont.

In re **Romano Development, LLC**
Debtor(s)

Case No. **14-45319**

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br>*Name of creditor and complete mailing address including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date **March 3, 2015**

Signature **/s/ Haim Pinhas**
**Haim Pinhas**
**Managing Member**

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT B

## CASH RECEIPTS, DISBURSEMENTS, NET CASH GAIN OR LOSS, UNPAID OBLIGATIONS AND RECEIVABLES

Pursuant to Local Bankruptcy Rule 1007-4(a)(xvi), the following provides, for the thirty (30) day period following the filing of the chapter 11 petition, the estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue but remain unpaid, other than professional fees.

| | |
|---|---|
| **Cash Receipts** | Estimated to be $2800 |
| **Cash Disbursements** | Estimated to be $1400 |
| **Net Cash Gain/Loss** | Estimated to be $1400 |
| **Unpaid Obligations** | Estimated to be $500 |
| **Unpaid Receivables** | $0 |

## RESOLUTIONS ADOPTED BY UNANIMOUS
## CONSENT OF THE MEMBERS OF ROMANO DEVELOPMENT, LLC

WHEREAS, the undersigned, constituting all members of Romano Development, LLC, a limited liability company organized under the laws of the state of New York (the "**Company**"), has determined that it is desirable that the involuntary case commenced against the Company under the provisions of chapter 7 of title 11 of the United States Code ("the "**Bankruptcy Code**"), be converted to a case under chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT RESOLVED, that the Managing Member and any other person designated and so authorized to act (each, an "**Authorized Officer**") of the Company be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to execute and verify any and all documents necessary to effect the conversion of its case under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") at such time as the Authorized Officer executing the petition shall determine;

RESOLVED, that the law firm of Rosen & Associates, P.C., 747 Third Avenue, New York, New York 10017-2803, is hereby employed as attorneys for the Company in the Company's chapter 11 case; and it is further

RESOLVED, that any Authorized Officer be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or

desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

RESOLVED, that any Authorized Officer and such other employees of the Company as the Authorized Officers shall from time to time designate, and any agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business; and it is further

RESOLVED, that each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed, and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to

constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Company any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and it is further

RESOLVED, that each Authorized Officer be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such Authorized Person considers necessary, proper, or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

RESOLVED, that any and all past action heretofore taken by an Authorized Officer, Member, or Manager of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, the undersigned members have executed these resolutions as of March 3, 2015.

        ROMANO DEVELOPMENT, LLC,
        a New York limited liability company

By:   /s/ Haim Pinhas
       Name: Haim Pinhas
       Title:  Managing Member

By:   /s/ Salomao Laniado
       Name: Salomao Laniado
       Title:  Member